UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MELISSA DOLEN PENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-CV-129 |
| | ) | |
| | ) | |
| SULLIVAN COUNTY et al, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 1] and all issues connected thereto. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342(1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, the petitioner must initially show by affidavit the inability to pay court fees and costs. 28 U.S.C. § 1915(a). One need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339. The decision to grant or deny such an

application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and her economic status in determining whether to grant leave to proceed *in forma pauperis*. The application indicates Plaintiff earns a net income of approximately Four Thousand, Two Hundred ($4,200.00) Dollars per month but has monthly expenses of approximately Three Thousand ($3,000.00) Dollars, leaving her with roughly One Thousand ($1,000.00) Dollars per month in discretionary income.[1] While Plaintiff lists significant credit card and student loan debt, she only lists Fifty ($50.00) Dollars per month in payments toward the credit card debt and no monthly payment toward the student loans. Although Plaintiff may find herself in a financially challenging position, she reports having significant funds available each month after the payment of those expenses she currently pays, and her financial situation does not evidence poverty.

For the reasons set forth above, the Court finds that Plaintiff has sufficient funds to afford payment of the costs of this cause. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 1] be **DENIED** [2] and that Plaintiff be provided with thirty (30) days within which to pay the filing fee in this action.

Respectfully Submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff lists $1,000.00 per month in automobile maintenance expenses without any further explanation. While it does not seem reasonable that Plaintiff would incur such significant monthly automobile maintenance expenses on an ongoing basis, Plaintiff reports having over $1,000.00 per month available after paying expenses including this amount.

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).