UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MELISSA DOLEN PENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:22-CV-129-KAC-CRW |
| | ) | |
| SULLIVAN COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

This case is before the Court on the "3rd Rule 12(b)(6) Motion to Dismiss" [Doc. 46] filed by Defendants Sullivan County, Tennessee ("Sullivan County"); and Defendants Ashley Sigmon; Ashley Rhymer; "Deputy McClellen;" "Deputy Frye;" "Deputy Parmer;" "Deputy Updike;" and "Deputy Pelekakis" (collectively the "Individual Defendants"). Because Plaintiff's Second Amended Complaint [Doc. 43] fails to state a claim upon which relief can be granted against any Defendant, the Court grants Defendants' Motion [Doc. 46] and dismisses Plaintiff's claims. *See* Fed. R. Civ. P. 12(b)(6).

**I.   BACKGROUND**

On October 18, 2022, Plaintiff filed an initial complaint in this action [Doc. 2]. That initial complaint named *only* "Sullivan County" and the "Sullivan County Sheriff" as Defendants [*Id.*]. Plaintiff alleged that Defendants Sullivan County and the Sullivan County Sheriff held her on "unreasonable and excessive" bail from November 12, 2021, to January 11, 2022, in violation of the Eight Amendment to the Constitution and the Tennessee Constitution [*Id.* at 2-3]. Plaintiff did not assert *any* excessive force claim in her initial complaint [*See* Doc. 2].

On November 15, 2022, Plaintiff filed an Amended Complaint [Doc. 4]. In the Amended Complaint, Plaintiff alleged that Defendant Sullivan County and newly added Officer Individual Defendants used excessive force against her during her November 12, 2021 arrest and afterwards, in violation of the Fourth, Eighth, and Fourteenth Amendments [Doc. 4 at 1]. Plaintiff removed the "Sullivan County Sheriff" as a defendant in her Amended Complaint [*See id.* at 1].

Finally, on April 7, 2023, Plaintiff filed her operative Second Amended Complaint [Doc. 43]. In the Second Amended Complaint, Plaintiff raised (1) an excessive bail claim against Defendant Sullivan County under 42 U.S.C. § 1983 and the Tennessee Constitution and (2) an excessive force claim against Defendant Sullivan County and the Individual Defendants under 42 U.S.C. § 1983 [*See* Doc. 43 at 1, 3]. Plaintiff alleged that during her November 12, 2021 arrest, the Officer Individual Defendants "used unnecessary excessive force" [*Id.* at 3]. "Later that evening or the next day," Defendant Ashley Rhymer and other Officer Individual Defendants allegedly "threw [Plaintiff] to the concrete floor of the jail" [*Id.* at 5]. After her arrest, "Sullivan County Judge Ray Conkin" allegedly held Plaintiff "without bail" from November 12, 2021 until January 11, 2021, when her bail was set at $500,000 [*Id.* at 1]. Defendants moved to dismiss all claims against them in the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [*See* Doc 46].

II.     **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "facial[ly] plausib[le] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Teamsters Local 237 Welfare Fund v.*

2

*ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Rule 12(b)(6) is generally "an inappropriate vehicle for dismissing a claim based upon the statute of limitations," but dismissal of a claim is appropriate where "the allegations in the complaint affirmatively show that the claim is time-barred." *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citation and quotations omitted).

### III. ANALYSIS

#### A. Excessive Bail Claim

For a municipality, like Sullivan County, to be liable under Section 1983, Plaintiff "must show: (1) a deprivation of a constitutional right; and (2) that the municipal entity is responsible for that deprivation." *See Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015) (citation omitted). "The Eighth Amendment provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Hall v. Florida*, 572 U.S. 701, 707 (2014) (quotation omitted).  "The Fourteenth Amendment applies those restrictions to the States." *Id.* (citation omitted).  Where the municipality's liability is premised on the conduct of an employee, a plaintiff must "connect the employee's conduct" that allegedly deprived a constitutional right to a specific "municipal 'policy' or 'custom.'" *Gambrel v. Knox Cnty., Ky.*, 25 F.4th 391, 408 (6th Cir. 2022) (citing *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).  That is, a complaint must sufficiently allege "that the constitutional deprivation occurred as a result of an official custom or policy of the municipality." *See Smith v. City of Troy*, 874 F.3d 938, 946 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690).

The Second Amended Complaint fails to meet this standard.  It alleges that Defendant Sullivan County is liable solely based on the independent actions of Judge Conkin [*See* Doc. 43 at 1].  The Second Amended Complaint does not identify any "official custom or

policy" of Defendant Sullivan County that allegedly caused Plaintiff's constitutional injury [*See* Doc. 43]. *See Smith*, 874 F.3d at 946. Nor does the Second Amended Complaint make any attempt to explain how Sullivan County would otherwise be "responsible for" the independent actions of Judge Conkin. *See Baynes*, 799 F.3d at 620. Accordingly, the Second Amended Complaint fails to state a plausible Section 1983 claim against Defendant Sullivan County for excessive bail, and the Court dismisses that claim.

Further, to the extent that the Second Amended Complaint intended to raise a separate excessive bail claim against Defendant Sullivan County under the Tennessee Constitution, the Court declines to reach that claim. As discussed above and below in this Memorandum Opinion and Order, the Court dismisses the only federal claims over which it has original jurisdiction. Therefore, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's sole remaining potential state law claim. *See Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020); *see also* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed "all claims over which it has original jurisdiction"). Therefore, the Court dismisses any intended excessive bail claim under the Tennessee Constitution without prejudice.

### B. Excessive Force Claim

To state a claim under Section 1983, a plaintiff must generally establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). "[T]he Fourth Amendment governs an excessive force claim brought by an 'arrestee'—one who has been arrested

4

Case 2:22-cv-00129-KAC-CRW   Document 67   Filed 11/06/23   Page 4 of 7   PageID #: 243

but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing." *Colson v. City of Alcoa, Tenn.*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citation and quotations omitted). "The Fourteenth Amendment, on the other hand, provides the same protection for a 'pretrial detainee'—a person who has received a judicial determination of probable cause but has not yet been adjudicated guilty of a crime." *Id.* (citation and quotations omitted). The Eighth Amendment's "ban on cruel and unusual punishments prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). It is unclear what Plaintiff's precise status was when her alleged Section 1983 injury occurred, but the outcome of her excessive force claim is the same under any of these provisions of the Constitution.

Under Tennessee law, the statute of limitations for a Section 1983 claim for excessive force is one year. *See, e.g.*, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Ann. Code § 28-3-104(a)(1)). Federal law determines when the limitations period begins to run. *See id.* at 1162 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The "standard" rule is that the limitations period begins to run "when the plaintiff has a complete and present cause of action." *See id.* (citing *Rotkiske v. Klemm*, 140 S.Ct. 355, 260 (2019)). Other precedent starts the clock when an "event should have alerted the typical lay person to protect his or her rights." *See Eidson v. Tenn. Dept. of Children's Serv.*, 510 F.3d 631, 635 (6th Cir. 2007). For example, where a plaintiff alleges an unconstitutional arrest, "knowledge that [s]he had been arrested . . . would start the clock on the same date." *See Dibrell*, 984 F.3d at 1162.

As is also potentially relevant here, Rule 15 provides that an amended complaint relates back to the initial complaint when the amended complaint "asserts a claim or defense that arose out of the conduct, transaction, or occurrence," alleged in the original complaint.

5

*See* Fed. R. Civ. P. 15(c)(1)(B). But the Sixth Circuit "has repeatedly held that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes" of the limitations period. *See Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (citation and quotations omitted).

Here, Plaintiff did not bring her excessive force claim against the Individual Defendants within one year of her alleged injury, and the allegations in her Second Amended Complaint do not relate back to an earlier time within the limitations period. Plaintiff's Section 1983 excessive force claim arose out of her November 12, 2021, arrest [*See* Doc. 43 at 1]. Plaintiff also suggests that some of the allegedly unlawful conduct may have occurred as late as November 13, 2021 [*See id.* at 5]. On November 12 and November 13, 2021, then Plaintiff acquired "a complete cause of action." *See Wallace*, 549 U.S. at 388. Further, based on the specific and distinct allegations included in the Second Amended Complaint, it is hard to see how an individual would not have been "alerted" to protect his or her rights on November 12 or November 13, 2021 at the latest. *See Eidson* 510 F.3d at 635. However, Plaintiff did not raise her excessive force claim against the Individual Defendants until November 15, 2022, when she filed her Amended Complaint [*See* Doc. 4]. Even assuming that the excessive force claim in Plaintiff's Second Amended Complaint relates back to the filing of Plaintiff's Amended Complaint on November 15, 2022, Plaintiff first raised her claim more than a year after that claim accrued on November 12 or 13, 2021. Therefore, the statute of limitations bars Plaintiff's excessive force claim against the Individual Defendants.

It appears that Plaintiff's excessive force claim against Sullivan County is time-barred for the same reasons. However, even if the Court were to assume that Plaintiff's excessive force claim against Defendant Sullivan County related back to the filing of Plaintiff's initial complaint on

6

October 18, 2022, and was thus timely, the Second Amended Complaint fails to state a plausible excessive force claim against Defendant Sullivan County. For Plaintiff to successfully plead a Section 1983 claim against Defendant Sullivan County as alleged, she must allege "that the constitutional deprivation occurred as a result of an official custom or policy of" Sullivan County. *See Smith*, 874 F.3d at 946 (citing *Monell*, 436 U.S. at 690). But the Second Amended Complaint lacks any allegations regarding an official Sullivan County custom or policy, much less allegations explaining how the custom or policy resulted in Plaintiff's alleged injury [*See* Doc. 43 at 3-8]. Accordingly, the Court dismisses the entirety of Plaintiff's excessive force claim. *See* Fed. R. Civ P. 12(b)(6).

### C. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' "3rd Rule 12(b)(6) Motion to Dismiss" [Doc. 46] and **DISMISSESS** this action. Because the Court dismisses this action, the Court **DENIES** as moot Plaintiff's "Motion to Quash" [Doc. 52] and "First Motion to Unseal" [Doc. 65]. An appropriate judgment shall enter.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge